UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:25-cr-54-JRS-TAB-08 |
| | ) | |
| EMORRIE J. DUNN, | ) | |
| a/k/a E | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Thomas E. Wheeler II, United States Attorney

for the Southern District of Indiana, and, Bradley A. Blackington, Assistant United States

Attorney ("the Government"), and the defendant, Emorrie J. Dunn ("the defendant"), in person

and by counsel, Gregory P. Bowes, hereby inform the Court that a Plea Agreement has been

reached in this case pursuant to Federal Rule of Criminal Procedure **11(c)(1)(C)**. The following

are its terms and conditions:

### Guilty Plea and Charge(s)

1.      **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to

enter a plea of guilty to Count One of the Indictment, which charges that the defendant

committed the offense of conspiracy to distribute controlled substances, in violation of Title 21,

United States Code, Section 846.

2.      **Potential Maximum Penalties**: Count One is punishable by a sentence of not

less than ten years' and not more than life imprisonment, a term of supervised release of not less

than five years following any term of imprisonment, and a fine of not more than $10,000,000.

3.     **Elements of the Offense:** To sustain the offense to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt: (1) the conspiracy as charged in Count One existed; (2) the defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and (3) the conspiracy involved the distribution of over 500 grams of a mixture or substance containing a detectable amount of methamphetamine.

### General Provisions

4.     **18 U.S.C. § 3553(a) and Sentencing Guidelines:** The defendant agrees and understands that should this Court accept this plea agreement, the Court will sentence the defendant to the specific sentence set forth in paragraph 9, below. The defendant agrees and understands that the Court, in deciding whether to accept or reject the specific sentence set forth in paragraph 9, below, will (A) consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G."). The defendant also agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and that the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

5.     **Rule 11(c)(1)(C):** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the specific sentence set forth in paragraph 9, below, is the appropriate disposition of this cause. The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement. If the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement. The defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and (5), if the Court

rejects the Plea Agreement, the Court will advise the defendant personally in open court that the Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

6.      **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

7.      **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

8.      **Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by

3

counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

<u>Rule 11(c)(1)(C) Provision(s)</u>

9.      **Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that a sentence within the range of 135 months' imprisonment and 188 months' imprisonment is the appropriate disposition of this case. This paragraph is the only provision of this Plea Agreement subject to the provisions of Fed. R. Crim. P. 11(c)(1)(C).

<u>Other Imprisonment and Supervised Release Provision(s)</u>

10.      **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

<u>Monetary Provisions and Forfeiture</u>

11.      **Mandatory Special Assessment:** The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

12.      **Fine:** The parties agree to leave the applicability and amount of the fine to the discretion of the Court.

4

13.     **Restitution:** The parties agree that no restitution obligation exists in this case.

14.     **Financial Obligations:** The defendant understands and agrees to the following financial obligations:

a.      **Obligation to Pay:** Any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's financial obligation. The defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The Government may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order and/or to collect any fine. The defendant consents to the Government's use of such legal remedies to collect the defendant's financial obligation and hereby waives any objection to such collection efforts.

b.      **Financial Disclosure:** The Defendant shall disclose to the United States Attorney's Office and the United States Probation Office all assets in which he/she has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. The defendant shall truthfully complete the United States Attorney's Office's financial statement form and return the completed form to both the United States Attorney's Office and the United States Probation Office.

c.      **Notice of Material Changes:** Prior to sentencing, the defendant shall provide notice to the United States Attorney's Office and United States Probation Office

of any material change in the defendant's economic circumstances, within seven days of the event giving rise to the changed circumstances.  Such changes shall include, but are not limited to, the transfer of any property, or the defendant's interest in any property, with a value exceeding $1,000, owned, possessed, and/or controlled directly or indirectly, individually or jointly, by the defendant.

d.    **Failure to Disclose:**  The defendant's failure to timely and accurately complete the financial statement or to provide notice of material change in economic circumstances may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

e.    **Material Misrepresentations and Omissions:**  If the defendant makes any material misrepresentation or omission in or regarding the above-described financial obligations, including failing to disclose assets in which the defendant owns, possesses, controls, or has an interest, the Government may, at its sole option, choose to be relieved of its obligations under this plea agreement.  Misrepresentations and/or omissions are material if they effect the defendant's net worth by $10,000 or more.

15.    **Forfeiture:**  The parties agree that there is no forfeiture obligation in this case.

16.    **Abandonment of Other Seized Property.**  The defendant understands that other property may have been seized by federal, state, or local law enforcement agencies during the investigation and prosecution of this cause, which is not identified as Subject Property and is not contraband.  If such property is not forfeited and/or has not been returned to the defendant by the date of sentencing, then the defendant agrees to abandon all right, title, and interest the defendant may have in such property, so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies without further notice or obligation

6

whatsoever owing to the defendant. The defendant consents to the vesting of title to such property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. The defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of such property. The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of such property. The defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of such property.

### Factual Basis for Guilty Plea

17.    The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea(s) of guilty to the offense(s) set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

a.    From early 2019 through December 13, 2024, Emorrie Dunn, Byron Mason, and other individuals participated in a drug trafficking organization operating in Indianapolis. From early 2019 until his arrest on July 8, 2024, Mason maintained residences for the purpose of distributing controlled substances ("trap houses") located at 3178 North Capitol Avenue, 3663 Graceland Avenue, and 4070 Cornelius Avenue. Mason distributed controlled substances from these trap houses along with Adrian

Bullock, Avery Bullock, Charles Dunson, Tanesha Turner, Tre Dunn, Nahamani Sargent, Emorrie Dunn, John Whitfield, and other individuals. Following Mason's arrest, the trap house at 3178 North Capitol Avenue closed and members of the organization distributed controlled substances from other locations. The drug trafficking organization distributed methamphetamine, powder cocaine, crack cocaine, heroin, fentanyl, and other controlled substances.

b.        Emorrie Dunn distributed methamphetamine, powder cocaine, crack cocaine, heroin, and fentanyl for this organization during the last three years of its operation. Dunn is accountable for the distribution of approximately 80,000 KG of converted drug weight, as defined by the United States Sentencing Guidelines. Emorrie Dunn was regularly armed with a firearm during these transactions.

c.        On November 14, 2024, the FBI executed a controlled purchase of fentanyl from Emorrie Dunn. During the controlled purchase, Dunn sold approximately 0.5 grams of fentanyl to a confidential informant for $80. The transaction occurred inside the kitchen of the residence located at 2646 West 60th Street in Indianapolis. Dunn maintained a firearm in the kitchen during the transaction.

d.        On November 19, 2024, the FBI executed a second controlled purchase of fentanyl from Emorrie Dunn. During the controlled purchase, Dunn sold approximately 0.6 grams of fentanyl to a confidential informant for $100. The transaction occurred in a parking lot at the 3800 block of North College Avenue.

### Other Conditions

18.     **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence.  The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

19.     **Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

20.     **Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

### Sentencing Guideline Stipulations

21.     **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.  The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.  These stipulations provide the basis for the sentence agreed upon by the parties pursuant to Fed. R. Crim. P. 11(c)(1)(C), above.  The 2025 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

a.    **Base Offense Level:** The parties agree that the base offense level for the offense charged in Count One of the Indictment is 36, pursuant to U.S.S.G. § 2D1.1(c)(2).

b.    **Firearms Adjustment:** Because the defendant possessed a firearm during the commission of the offense, his offense level increases by two levels pursuant to U.S.S.G. § 2D1.1(b)(1).

c.    **Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

d.    **Final Offense Level:** 35.

**Waiver of Right to Appeal**

22.    **Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was

determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, if the Court accepts this Plea Agreement and sentences the defendant in accordance with the Plea Agreement, then the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

23.    **Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

a.    **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

b.    **Retroactive Sentencing Guidelines Reductions:** As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive

11

Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

        c.      **Motions for Compassionate Release:** As concerns this Section 3582 waiver, the defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13. The government reserves the right to oppose any motion for compassionate release on any grounds.

24.     **No Appeal of Supervised Release Term and Conditions:** The defendant waives the right to appeal the length and conditions of the period of supervised release.

<u>**Presentence Investigation Report**</u>

25.     The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

26.     The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

<u>**Immigration Consequences**</u>

27.     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant also recognizes that removal will not

occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

### Statement of the Defendant

28.    By signing this document, the defendant acknowledges the following:

a.    I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment in open Court, and all further proceedings including my arraignment.

b.    I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

c.    I have read the entire Plea Agreement and discussed it with my attorney.

d.    I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

e.    Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any

promise to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

f.    I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

g.    I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

h.    I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

i.    I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

j.    My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the

14

United States has the right to appeal any sentence that I receive under this Plea Agreement.

**k.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

**l.** If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Certificate of Counsel

29. By signing this document, the defendant's attorney and counselor certifies as follows:

**a.** I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

**b.** To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

**c.** The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

d.      In my opinion, the defendant's waiver of all reading of the Indictment in open Court, and in all further proceedings, including arraignment as provided in Fed. R. Crim. P. 10, is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

e.      In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Final Provision

30.    **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

THOMAS E. WHEELER II
United States Attorney

1/12/2026
DATE

Bradley A. Blackington
Assistant United States Attorney

1/12/20 26
DATE

Michelle P. Brady
Chief, Violent Crimes Unit

1/9/26
DATE

Emorrie J. Dunn
Defendant

9 Jan 2026
DATE

Gregory P. Bowes
Counsel for Defendant

17