FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MAY 2 0 2026

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BYRON A. MASON, | ) NO. 1:25-cr-00054-JRS-TAB -01 |
| a/k/a Buddy, | ) |
| ADRIAN J. BULLOCK, | ) -02 |
| a/k/a A.D., | ) |
| AVERY J. BULLOCK, | ) -03 |
| CHARLES T. DUNSON, | ) -04 |
| a/k/a C-Note, | ) |
| TANESHA M. TURNER, | ) -05 |
| a/k/a Neesha, | ) |
| TRE J. DUNN, | ) -06 |
| a/k/a Trap, | ) |
| NAHAMANI I. SARGENT, | ) -07 |
| a/k/a Iri, | ) |
| a/k/a Eyes, | ) |
| CHANCELOR R. WALKER, | ) -09 |
| a/k/a Chance, | ) |
| D'ERICKA LEE, | ) -10 |
| LAMAR T. BROWNING, | ) -11 |
| DEANDRE MILLER, | ) -15 |
| a/k/a Little D, and | ) |
| JONNITHA ROBINSON, | ) -16 |
| | ) |
| Defendants. | ) |

1

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all times relevant to this Superseding Indictment:

### The Enterprise

1.      The Crown Hill Enterprise was a criminal organization whose members engaged in drug trafficking, unlawful firearms possession, and acts of violence, including murder, assault, arson, and kidnapping.  The Crown Hill Enterprise operated in Indianapolis, Indiana.

2.      The Crown Hill Enterprise, including its leaders, members, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Sections 1959(b)(2) and 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

### Purposes of the Enterprise

The purposes of the Crown Hill Enterprise included, but were not limited to, the following:

1.      Enriching the members and associates of the enterprise through the distribution of controlled substances.

2.      Promoting and enhancing the prestige, reputation, and position of the enterprise with respect to rivals and the community.

2

3. Preserving, expanding, and protecting the power, territory, reputation, and profits of the enterprise through intimidation and acts of violence, including murder, kidnapping, assault, and arson, as well as threats of violence and the display of firearms.

4. Keeping intended rivals, victims, and potential witnesses in fear of the enterprise and in fear of its members and associates through intimidation, acts of violence, threats of violence, and the display of firearms.

5. Sharing and disseminating information about the enterprise's plans and activities.

6. Concealing the activities of the enterprise from law enforcement.

7. Hampering law enforcement's ability to effectively investigate the enterprise's unlawful conduct through the intimidation of potential witnesses and the obstruction of justice.

### Means and Methods of the Enterprise

The means and methods by which members and associates of the Crown Hill Enterprise conducted and participated in the conduct of the affairs of the enterprise included the following:

1. Members and associates of the enterprise maintained "trap houses" at various locations in Indianapolis to store, manufacture, and distribute controlled substances. The locations of the trap houses included, but were not limited to, the following addresses in Indianapolis:

    a. 2951 North Capitol Avenue;

    b. 3178 North Capitol Avenue;

3

    c.  3663 Graceland Avenue;

    d.  4070 Cornelius Avenue;

    e.  2351 Wheeler Street;

    f.  2517 Highland Place;

    g.  5326 East 20th Place;

    h.  768 West 25th Street ;

    i.  623 West 30th Street;

    j.  126 West 32nd Street; and

    k.  402 West 38th Street.

2.    Members and associates of the enterprise distributed controlled substances from the trap houses and engaged in acts of violence to promote and protect the activities of the enterprise.

3.    Members and associates of the enterprise frequently possessed and carried firearms in furtherance of their criminal activity and for protection against rivals.

4.    Members and associates of the enterprise used cellular telephones to communicate about enterprise activities and to keep members informed about ongoing enterprise activities.

5.    Members and associates of the enterprise often collected payment for controlled substances they distributed through CashApp and transferred money to each other through CashApp.

6.    Members and associates of the enterprise created, registered, maintained, and used fictitious business entities to conceal and disguise the

nature, location, source, ownership, and control of the proceeds of their drug trafficking activities.

7.    Members and associates of the enterprise created, used, and maintained CashApp accounts in the names of other individuals to conceal and disguise the nature, location, source, ownership, and control of the proceeds of their drug trafficking activities.

## COUNT ONE

### [Racketeer Influenced and Corrupt Organizations (RICO) Conspiracy – 18 U.S.C._§ 1962(d)]

The General Allegations set forth in pages 2 through 5 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

Beginning in or around early 2019 and continuing through on or around December 12, 2024, in the Southern District of Indiana, Indianapolis Division, and elsewhere, defendants BYRON A. MASON, a/k/a Buddy, ADRIAN J. BULLOCK, a/k/a A.D., AVERY J. BULLOCK, CHARLES T. DUNSON, a/k/a C-Note, TANESHA M. TURNER, a/k/a Neesha, TRE J. DUNN, a/k/a Trap, NAHAMANI I. SARGENT, a/k/a Iri, a/k/a Eyes, and DEANDRE MILLER, a/k/a Little D, and others known and unknown to the Grand Jury, each being a person employed by and associated with the Crown Hill Enterprise, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally combine, conspire, confederate, and agree with each other, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Crown Hill Enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering consisted of:

1. multiple acts involving:

   a. murder, chargeable under Indiana Criminal Code Section 35-42-1-1;

6

    b.    kidnapping, chargeable under Indiana Criminal Code Sections 35-42-3-2 and 35-41-2-4; and

    c.    arson, chargeable under Indiana Criminal Code Sections 35-43-1-1, 35-41-2-4, and 35-41-5-2;

2. multiple offenses involving trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846;

3. acts indictable under Title 18, United States Code, Section 1513 (relating to retaliating against a witness, victim, or an informant); and,

4. multiple acts indictable under Title 18, United States Code, Sections 1956(a)(1) and (h) (relating to the laundering of monetary instruments).

It was further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the enterprise's affairs.

## Overt Acts

In furtherance of the racketeering conspiracy, and to achieve the object thereof, the defendants and others known and unknown to the Grand Jury committed and caused to be committed various overt acts within the Southern District of Indiana and elsewhere, including, but not limited to, the following:

1.    On February 24, 2021, MASON delivered approximately one and one-half ounces of methamphetamine to another person at the 3663 Graceland Avenue trap house.

2.    On February 26, 2021, MASON delivered methamphetamine and another controlled substance to another person at the 3663 Graceland Avenue trap house.

3.    On April 5, 2021, MASON possessed crack cocaine, powder cocaine, fentanyl, and methamphetamine for distribution, along with a blender, digital scales, sandwich baggies, and an AK-47 assault rifle at the 3663 Graceland Avenue trap house.

4.    On or about August 5, 2022, SARGENT delivered approximately one pound of methamphetamine to Mark Marshall ("Marshall") for redistribution.

5.    On or about January 17, 2023, SARGENT delivered approximately one-half pound of methamphetamine to Marshall for redistribution.

6.    On or about September 20, 2023, DUNSON assaulted an individual known to the Grand Jury ("Victim Z.C.") with a firearm because Victim Z.C. had talked with DUNSON about drug dealing over the telephone without using coded language.

7.    On October 30, 2023, AVERY BULLOCK delivered crack cocaine and another controlled substance to another person.

8.    On January 1, 2024, MILLER possessed heroin to sell.

9.    On January 31, 2024, MILLER possessed methamphetamine to sell.

10.    On February 2, 2024, TRE DUNN possessed crack cocaine to sell.

11.    On February 26, 2024, AVERY BULLOCK possessed approximately one pound of methamphetamine to sell.

12.    On April 18, 2024, SARGENT and MILLER possessed distribution quantities of crack cocaine, fentanyl, and methamphetamine, along with marijuana, lactose, a mechanical scale, sandwich baggies, and 18 firearms (including a machinegun) at the 126 West 32nd Street trap house.

13.    On April 23, 2024, SARGENT and other individuals fired gunshots and threw Molotov cocktails at a residence located at 3206 North Kenwood Avenue in Indianapolis and wrote the message "KNO YOUR SNITCH NEIGHBOR" after an Indianapolis television station reported that the state search warrant executed at 126 West 32nd Street on April 18, 2024 resulted from a neighbor providing information to law enforcement.

14.    On May 9, 2024, SARGENT possessed twelve firearms, two vests of body armor, and approximately $3,473 in currency at 3040 North Kenwood Avenue in Indianapolis.

15.    On July 8, 2024, MASON possessed Oxycodone pills and $4,320 in currency.

16.    On July 8, 2024, at MASON's direction, Aailyah Hackett delivered controlled substances that Hackett had stored at her residence to TURNER. MASON further directed TURNER to sell the controlled substances to an unidentified person for $1,000.

17.    On September 2, 2024, MASON directed ADRIAN BULLOCK to collect $450 in drug proceeds from a person unknown to the Grand Jury and to give the money to TURNER.

18.    On September 11, 2024, ADRIAN BULLOCK delivered approximately one-eighth ounce of powder cocaine to LAMAR BROWNING for redistribution.

19.    On September 11, 2024, ADRIAN BULLOCK obtained one-eighth ounce of heroin from D'ERICKA LEE at 12453 Looking Glass Way in Indianapolis and transported it to BROWNING for redistribution.

20.    On September 12, 2024, ADRIAN BULLOCK delivered heroin to another person at the 402 West 38th Street trap house.

21.    On September 12, 2024, TRE DUNN and TURNER assaulted an individual known to the Grand Jury ("Victim I.C.") at the 2951 North Capitol Avenue trap house because Victim I.C. had stolen controlled substances and drug proceeds from TRE DUNN.

22.    On September 13, 2024, ADRIAN BULLOCK delivered crack cocaine to another person at the 402 West 38th Street trap house.

23.    On September 14, 2024, ADRIAN BULLOCK delivered crack cocaine to another person at 12453 Looking Glass Way.

24.    On September 16, 2024, TRE DUNN and two other members and associates of the enterprise repeatedly struck and pistol-whipped an individual known to the Grand Jury ("Victim B.E.") because TRE DUNN believed that

Victim B.E. was a close associate of a rival drug dealer who TRE DUNN wanted to intimidate.

25. On September 17, 2024, ADRIAN BULLOCK delivered crack cocaine to another person near the 2351 Wheeler Street trap house.

26. On September 23, 2024, ADRIAN BULLOCK directed an associate of the enterprise to deliver crack cocaine to another person at the 402 West 38th Street trap house.

27. On September 26, 2024, ADRIAN BULLOCK delivered crack cocaine to another person at the 402 West 38th Street trap house.

28. On September 27, 2024, ADRIAN BULLOCK delivered heroin to another person at the 2351 Wheeler Street trap house.

29. On October 1, 2024, ADRIAN BULLOCK delivered crack cocaine to another person at the 402 West 38th Street trap house.

30. On October 9, 2024, ADRIAN BULLOCK delivered crack cocaine to another person at the 2951 North Capitol Avenue trap house.

31. On October 21, 2024, TURNER delivered approximately one ounce of methamphetamine, $20 worth of crack cocaine, and another controlled substance to Matthew Stevens.

32. On October 24, 2024, ADRIAN BULLOCK directed Jonnitha Robinson to deliver crack cocaine to another person.

33. On October 29, 2024, TURNER delivered approximately one gram of crack cocaine to Matthew Stevens at a Burger King restaurant.

34.     On October 30, 2024, DUNSON directed an associate to deliver methamphetamine and fentanyl to another person near the 768 West 25th Street trap house.

35.     On November 1, 2024, TURNER possessed fentanyl to sell at the 623 West 30th Street trap house.

36.     On November 2, 2024, DUNSON delivered fentanyl to another person at the 768 West 25th Street trap house.

37.     On November 3, 2024, TURNER and another individual kidnapped an individual known to the Grand Jury ("Victim B.R.") at gunpoint outside of the 623 West 30th Street trap house.  TURNER and the associate transported Victim B.R. in an automobile to the 2951 North Capitol Avenue trap house.  TURNER and the associate kidnapped Victim B.R. because Victim B.R. owed TURNER $40 for previously fronted controlled substance and TURNER believed that Victim B.R. was drawing law enforcement attention to the 623 West 30th Street trap house.

38.     On November 3, 2024, inside of the 2951 North Capitol Avenue trap house, TURNER, TRE DUNN, and other associates repeatedly punched and kicked Victim B.R.  TRE DUNN shot Victim B.R. in the leg.

39.     On November 4, 2024, TRE DUNN and an unindicted co-conspirator punched, kicked, and then shot and killed Matthew Stevens, after Stevens disrespected TURNER by slamming the door of the 623 West 30th Street trap house.

40.    On November 4, 2024, following the murder of Matthew Stevens, TURNER drove TRE DUNN and the unindicted co-conspirator from the 623 West 30th Street trap house to the 2951 North Capitol Avenue trap house to prevent law enforcement officers from locating and apprehending TRE DUNN and the unindicted co-conspirator.

41.    On November 4, 2024, TURNER possessed a blender, a digital scale, plastic baggies, two firearms, brass knuckles, and body armor at the 623 West 30th Street trap house.

42.    On November 4, 2024, TRE DUNN possessed four firearms at the 2951 North Capitol Avenue trap house.

43.    On November 6, 2024, TRE DUNN possessed cocaine and marijuana.

44.    On November 19, 2024, DUNSON delivered methamphetamine to another person at the 768 West 25th Street trap house.

45.    On December 5, 2024, ADRIAN BULLOCK and D'Ericka Lee possessed two digital scales and a firearm at 12453 Looking Glass Way.

46.    On December 5, 2024, ADRIAN BULLOCK possessed approximately 50 grams of fentanyl and two firearms at the 5326 East 20th Place trap house.

47.    On December 5, 2024, DUNSON possessed two digital scales at the 768 West 25th Street trap house.

48.    On December 5, 2024, DUNSON possessed approximately $25,725 in currency, a money counting machine, a heat-sealing device, digital scales, and seven firearms at 9133 West 82nd Street in Indianapolis.

**Notice of Special Sentencing Factors**

1.    On or about November 4, 2024, in the Southern District of Indiana, Indianapolis Division, as part of their agreement to conduct and participate in the conduct of the affairs of the Crown Hill enterprise through a pattern of racketeering activity, TRE DUNN knowingly and intentionally killed Matthew Stevens, in violation of Indiana Criminal Code Section 35-42-1-1.

2.    From in or about early 2019 through on or about December 12, 2024, in the Southern District of Indiana, Indianapolis Division, and elsewhere, as part of their agreement to conduct and participate in the conduct of the affairs of the Crown Hill enterprise through a pattern of racketeering activity, BYRON A. MASON, a/k/a Buddy, ADRIAN J. BULLOCK, a/k/a A.D., AVERY J. BULLOCK, CHARLES T. DUNSON, a/k/a C-Note, TANESHA M. TURNER, a/k/a Neesha, TRE J. DUNN, a/k/a Trap, NAHAMANI I. SARGENT, a/k/a Iri, a/k/a Eyes, and DEANDRE MILLER, a/k/a Little D, together and with others, did knowingly and intentionally conspire to distribute, and possess with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(ii) and (viii).

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO

### [Assault With a Dangerous Weapon in Aid of Racketeering Activity – 18 U.S.C. § 1959(a)(3)]

The Grand Jury further charges that:

The General Allegations set forth in pages 2 through 5 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

The Crown Hill Enterprise, including its leaders, members, and associates, engaged in racketeering conduct as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple offenses involving trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846, and multiple acts indictable under Title 18, United States Code, Sections 1956(a)(1) and (h) (relating to the laundering of monetary instruments).

On or about September 20, 2023, within the Southern District of Indiana, Indianapolis Division, CHARLES T. DUNSON, a/k/a C-Note, for the purpose of maintaining and increasing position in the Crown Hill Enterprise, an enterprise engaged in racketeering activity, did knowingly and intentionally assault an individual known to the Grand Jury ("Victim Z.C.") with a dangerous weapon, in violation of Indiana Criminal Code Sections 35-42-2-1(c)(1) and (g)(2).

All in violation of Title 18, United States Code, Section 1959(a)(3).

## COUNT THREE

### [Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence - 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(ii)]

The Grand Jury further charges that:

On or about September 20, 2023, within the Southern District of Indiana, Indianapolis Division, CHARLES T. DUNSON, a/k/a C-Note, did knowingly and intentionally use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States; to-wit, Assault With a Dangerous Weapon in Aid of Racketeering, as charged in Count Two of this Superseding Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(A)(ii).

## COUNT FOUR

### [Assault Resulting in Serious Bodily Injury in Aid of Racketeering Activity - 18 U.S.C. § 1959(a)(3)]

The Grand Jury further charges that:

The General Allegations set forth in pages 2 through 5 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

The Crown Hill Enterprise, including its leaders, members, and associates, engaged in racketeering conduct as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple offenses involving trafficking in controlled substances, in violation of Title 21, United

16

States Code, Sections 841 and 846, multiple acts indictable under Title 18, United States Code, Sections 1956(a)(1) and (h) (relating to the laundering of monetary instruments), and acts involving arson, chargeable under Indiana Criminal Code Sections 35-43-1-1, 35-41-2-4, 35-41-5-1, and 35-41-5-2.

On or about September 12, 2024, TANESHA M. TURNER, a/k/a Neesha, and TRE J. DUNN, a/k/a Trap, within the Southern District of Indiana, Indianapolis Division, for the purpose of maintaining and increasing position in the Crown Hill Enterprise, an enterprise engaged in racketeering activity, did knowingly and intentionally assault an individual known to the Grand Jury ("Victim I.C."), resulting in serious bodily injury to Victim I.C., in violation of Indiana Criminal Code Sections 35-42-2-1(c)(1) and (g)(1) and 35-41-2-4.

All in violation of Title 18, United States Code, Section 1959(a)(3).

## COUNT FIVE

### [Assault With a Dangerous Weapon in Aid of Racketeering Activity – 18 U.S.C. §§ 1959(a)(3) and 18 U.S.C. § 2]

The Grand Jury further charges that:

The General Allegations set forth in pages 2 through 5 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

The Crown Hill Enterprise, including its leaders, members, and associates, engaged in racketeering conduct as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple offenses involving trafficking in controlled substances, in violation of Title 21, United

17

States Code, Sections 841 and 846, multiple acts indictable under Title 18, United States Code, Sections 1956(a)(1) and (h) (relating to the laundering of monetary instruments), and acts involving arson, chargeable under Indiana Criminal Code Sections 35-42-3-2, 35-41-2-4, 35-41-5-1, and 35-41-5-2.

On or about September 16, 2024, within the Southern District of Indiana, Indianapolis Division, TRE J. DUNN, a/k/a Trap, with others known and unknown to the Grand Jury, each aided and abetted by the other, for the purpose of maintaining and increasing position in the Crown Hill Enterprise, an enterprise engaged in racketeering activity, did knowingly and intentionally assault an individual known to the Grand Jury ("Victim B.E.") with a dangerous weapon, in violation of Indiana Criminal Code Sections 35-42-2-1(c)(1) and (g)(2) and 35-41-2-4.

All in violation of Title 18, United States Code, Section 1959(a)(3) and Title 18, United States Code, Section 2.

## COUNT SIX

### [Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence – 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(ii) and 18 U.S.C. § 2]

The Grand Jury further charges that:

On or about September 16, 2024, within the Southern District of Indiana, Indianapolis Division, TRE J. DUNN, a/k/a Trap, with others known and unknown to the Grand Jury, each aided and abetted by the other, did knowingly and intentionally use, carry, and brandish a firearm during and in

relation to a crime of violence for which he may be prosecuted in a court of the United States; to wit, Assault with a Dangerous Weapon in Aid of Racketeering, as charged in Count Five of this Superseding Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(A)(ii) and Title 18, United States Code, Section 2.

## COUNT SEVEN

### [Kidnapping in Aid of Racketeering Activity – 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2]

The Grand Jury further charges that:

The General Allegations set forth in pages 2 through 5 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

The Crown Hill Enterprise, including its leaders, members, and associates, engaged in racketeering conduct as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple offenses involving trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846, multiple acts indictable under Title 18, United States Code, Sections 1956(a)(1) and (h) (relating to the laundering of monetary instruments), acts involving arson, chargeable under Indiana Criminal Code Sections 35-43-1-1, 35-41-2-4, 35-41-5-1, and 35-41-5-2, and acts involving kidnapping, chargeable under Indiana Criminal Code Sections 35-42-3-2, 35-41-2-4, and 35-41-5-2.

On or about November 3, 2024, within the Southern District of Indiana, Indianapolis Division, TANESHA M. TURNER, a/k/a Neesha, with another person known to the Grand Jury, each aided and abetted by the other, for the purpose of maintaining and increasing position in the Crown Hill Enterprise, an enterprise engaged in racketeering activity, did knowingly and intentionally kidnap an individual known to the Grand Jury ("Victim B.R."), in violation of Indiana Criminal Code Sections 35-42-3-2(a) and 35-41-2-4.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and Title 18, United States Code, Section 2.

## COUNT EIGHT

### [Assault Resulting in Serious Bodily Injury in Aid of Racketeering Activity - 18 U.S.C. § 1959(a)(3)]

The Grand Jury further charges that:

The General Allegations set forth in pages 2 through 5 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

The Crown Hill Enterprise, including its leaders, members, and associates, engaged in racketeering conduct as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple offenses involving trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846, multiple acts indictable under Title 18, United States Code, Sections 1956(a)(1) and (h) (relating to the laundering of monetary instruments), acts involving arson, chargeable under Indiana

20

Criminal Code Sections 35-43-1-1, 35-41-2-4, 35-41-5-1, and 35-41-5-2, and acts involving kidnapping, chargeable under Indiana Criminal Code Sections 35-42-3-2, 35-41-2-4, and 35-41-5-2.

On or about November 3, 2024, within the Southern District of Indiana, Indianapolis Division, TANESHA M. TURNER, a/k/a Neesha, and TRE J. DUNN, a/k/a Trap, for the purpose of maintaining and increasing positions in the Crown Hill Enterprise, did knowingly and intentionally assault an individual known to the Grand Jury ("Victim B.R."), resulting in serious bodily injury to Victim B.R., in violation of Indiana Criminal Code Sections 35-42-2-1(c)(1) and (g)(1).

All in violation of Title 18, United States Code, Section 1959(a)(3).

## COUNT NINE

**[Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence - 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii)]**

The Grand Jury further charges that:

On or about November 3, 2024, within the Southern District of Indiana, Indianapolis Division, TRE J. DUNN, a/k/a Trap, did use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States; to wit, Assault Resulting in Serious Bodily Injury in Aid of Racketeering, as charged in Count Eight of this Superseding Indictment.

21

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 924(c)(1)(A)(iii).

## COUNT TEN

**[Conspiracy to Commit Assault Resulting in Serious Bodily Injury in Aid of Racketeering Activity – 18 U.S.C. § 1959(a)(6)**

The Grand Jury further charges that:

The General Allegations set forth in pages 2 through 5 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

The Crown Hill Enterprise, including its leaders, members, and associates, engaged in racketeering conduct as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple offenses involving trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846, multiple acts indictable under Title 18, United States Code, Sections 1956(a)(1) and (h) (relating to the laundering of monetary instruments), acts involving arson, chargeable under Indiana Criminal Code Sections 35-43-1-1, 35-41-2-4, 35-41-5-1, and 35-41-5-2, and acts involving kidnapping, chargeable under Indiana Criminal Code Sections 35-42-3-2, 35-41-2-4, and 35-41-5-2.

On or about November 4, 2024, within the Southern District of Indiana, Indianapolis Division, TRE J. DUNN, a/k/a Trap, for the purpose of maintaining and increasing position in the Crown Hill Enterprise, conspired with an unindicted co-conspirator to commit assault resulting in serious bodily

22

injury upon Matthew Stevens, in violation of Indiana Criminal Code Sections 35-42-2-1(c)(1) and (g)(1) and Section 35-41-5-2.

All in violation of Title 18, United States Code, Section 1959(a)(6).

## COUNT ELEVEN

**[Murder in Aid of Racketeering Activity - 18 U.S.C. §§ 1959(a)(1)]**

The Grand Jury further charges that:

The General Allegations set forth in pages 2 through 5 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

The Crown Hill Enterprise, including its leaders, members, and associates, engaged in racketeering conduct as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple offenses involving trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846, multiple acts indictable under Title 18, United States Code, Sections 1956(a)(1) and (h) (relating to the laundering of monetary instruments), acts involving arson, chargeable under Indiana Criminal Code Sections 35-43-1-1, 35-41-2-4, 35-41-5-1, and 35-41-5-2, and acts involving kidnapping, chargeable under Indiana Criminal Code Sections 35-42-3-2, 35-41-2-4, and 35-41-5-2, and acts involving murder, chargeable under Indiana Criminal Code Section 35-42-1-1.

On or about November 4, 2024, within the Southern District of Indiana, Indianapolis Division, TRE J. DUNN, a/k/a Trap, and an unindicted co-

conspirator, for the purpose of maintaining and increasing position in the Crown Hill Enterprise, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Matthew Stevens, in violation of Indiana Criminal Code Sections 35-42-1-1(1).

All in violation of Title 18, United States Code, Section 1959(a)(1) and *Pinkerton v. United States,* 328 U.S. 640 (1946) (co-conspirator liability).

## COUNT TWELVE

### [Accessory After the Fact - 18 U.S.C. § 3]

The Grand Jury further charges that:

On or about November 4, 2024, within the Southern District of Indiana, Indianapolis Division, TANESHA M. TURNER, a/k/a Neesha, knowing that an offense against the United States has been committed, namely the Murder in Aid of Racketeering charged in Count Eleven of this Superseding Indictment, did knowingly receive, relieve, comfort, and assist the offenders, in order to hinder and prevent the offenders' apprehension, trial, and punishment; to-wit, following the commission of the above-refenced Murder in Aid of Racketeering charged in Count Eleven of this Superseding Indictment, TURNER transported TRE J. DUNN and an unindicted co-conspirator in an automobile from the scene of the murder and drove them from the 623 West 30th Street trap house to the 2951 North Capitol Avenue trap house, to hinder and prevent the apprehension of TRE DUNN and the unindicted co-conspirator by law enforcement officers.

24

All in violation of Title 18, United States Code, Section 3.

## COUNT THIRTEEN

### [Conspiracy to Distribute Controlled Substances – 21 U.S.C. § 846]

The Grand Jury charges that:

From early 2019 through December 12, 2024, in the Southern District of Indiana, Indianapolis Division, and elsewhere, BYRON A. MASON, a/k/a Buddy, ADRIAN J. BULLOCK, a/k/a A.D., AVERY J. BULLOCK, CHARLES T. DUNSON, a/k/a C-Note, TANESHA M. TURNER, a/k/a Neesha, TRE J. DUNN, a/k/a Trap, NAHAMANI I. SARGENT, a/k/a Iri, a/k/a Eyes, D'ERICKA LEE, LAMAR T. BROWNING, and DEANDRE MILLER, a/k/a Little D, did knowingly and intentionally conspire together and with other persons, known and unknown to the Grand Jury, to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

### OBJECTS OF THE CONSPIRACY

The charged conspiracy had the following objects:

1.      The distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic controlled substance.

2.      The distribution of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic controlled substance.

3.      The distribution of a mixture or substance containing a detectable amount of fentanyl, a Schedule II, Narcotic controlled substance.

4.      The distribution of a mixture or substance containing a detectable amount of cocaine hydrochloride ("powder cocaine"), a Schedule II, Narcotic controlled substance.

5.      The distribution of a mixture or substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II, Narcotic controlled substance.

**OVERT ACTS**

In furtherance of the conspiracy and to accomplish the object of the conspiracy, that is to distribute controlled substances, the members of the conspiracy did commit, among others, the following overt acts:

Overt Acts 1 through 48 of Count One are incorporated by reference. All in violation of Title 21, United States Code, Section 846.

**COUNT FOURTEEN**

**[Using, Carrying, and Brandishing a Firearm During and in Relation to a Drug Trafficking Crime – 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(ii)]**

The Grand Jury further charges that:

On or about November 3, 2024, within the Southern District of Indiana, Indianapolis Division, TANESHA M. TURNER, a/k/a Neesha, did use, carry, and brandish a firearm during and in relation to a drug trafficking crime for whichs he may be prosecuted in a court of the United States; to-wit, Conspiracy to Distribute Controlled Substances, as charged in Count Thirteen of this Superseding Indictment.

26

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(A)(ii).

## COUNT FIFTEEN

### [Possession of Methamphetamine With Intent to Distribute – 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about February 26, 2024, within the Southern District of Indiana, Indianapolis Division, AVERY J. BULLOCK did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine (actual), a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIXTEEN

### [Possession of Cocaine Base With Intent to Distribute – 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about April 18, 2024, within the Southern District of Indiana, Indianapolis Division, NAHAMANI I. SARGENT, a/k/a Iri, a/k/a Eyes and DEANDRE MILLER, a/k/a Little D, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II, Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVENTEEN

### [Possession of Machinegun – 18 U.S.C. § 922(o)]

The Grand Jury further charges that:

On or about April 18, 2024, within the Southern District of Indiana, Indianapolis Division, DEANDRE MILLER, a/k/a Little D, did knowingly possess a machinegun; to-wit, a .40 caliber Glock Model 27 pistol, bearing serial number BHEV617, equipped with a machinegun conversion device, commonly known as a "Glock switch," which is a combination of parts designed and intended for use in converting a firearm into a machinegun, and is, therefore, a machine gun as defined in Title 26, United States Code, Section 5845(b), in violation of Title 18, United States Code, Section 922(o).

## COUNT EIGHTEEN

### [Retaliating Against a Witness – 18 U.S.C. § 1513(b)(2) and 18 U.S.C. § 2]

The Grand Jury further charges that:

On or about April 23, 2024, within the Southern District of Indiana, Indianapolis Division, NAHAMANI I. SARGENT did knowingly attempt to engage in conduct, and did engage in conduct, and aided and abetted others known and unknown to the Grand Jury in engaging in conduct which damaged the tangible property of another person ("Victim S.H."), with the intention to retaliate against Victim S.H. for providing information relating to the commission or possible commission of a Federal offense.

All in violation of Title 18, United States Code, Section 1513(b)(2).

28

## COUNT NINETEEN

### [Use of Fire or Explosives – 18 U.S.C. § 844(h)(2) and 18 U.S.C. § 2]

The Grand Jury further charges that:

On or about April 23, 2024, within the Southern District of Indiana, Indianapolis Division, NAHAMANI I. SARGENT did knowingly carry an explosive and aided and abetted others known and unknown to the Grand Jury in carrying an explosive, and aided and abetted others known and unknown to the Grand Jury in carrying an explosive during the commission of a felony prosecutable in a court of the United States; to-wit, the offense of Retaliation Against a Witness, as charged in Count Eighteen of this Indictment.

All in violation of Title 18, United States Code, Sections 844(h)(2) and 2.

## COUNT TWENTY

### [Possession of a Firearm by a Convicted Felon – 18 U.S.C. § 922(g)(1)]

The Grand Jury further charges that:

On or about May 9, 2024, within the Southern District of Indiana, Indianapolis Division, NAHAMANI SARGENT, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate or foreign commerce; to-wit, SARGENT possessed

(1) one .380 caliber Ruger Model LCP II semi-automatic handgun, bearing serial number 380606773;

(2) one 9 millimeter Masterpiece Arms Model MPA30T semi-automatic pistol, bearing serial number FX31557;

(3) one .380 caliber Bersa Model Thunder 380 Plus semi-automatic pistol, bearing serial number E86754;

(4) one 12 gauge Mossberg Model 500A pump-action shotgun, bearing serial number T476622;

(5) one 12 gauge Charles Daly Model 601 semi-automatic shotgun, bearing serial number 21SA12P-19543;

(6) one 7.62x39 millimeter Romarm Model WASR-10 semi-automatic rifle, bearing serial number A1-25073-14RO;

(7) one 5.56 millimeter Anderson Manufacturing Model AM-15 semi-automatic assault rifle, bearing serial number 18113283;

(8) one .22 caliber Walther Uzi semi-automatic pistol, bearing serial number W1021321;

(9) one .22 caliber Tippmann Arms Model M4022 semi-automatic pistol, bearing serial number 007668;

(10) one 7.62 caliber bolt action rifle (manufacturer unknown), bearing serial number 9130272270;

(11) one 7.62 caliber Norinco Model SKS Sporter rifle, bearing serial number 9325473; and

(12) one 20 gauge Winchester Model 37A shotgun, bearing serial number C942705

after having sustained convictions for the following felony offenses:

(1) Unlawful Possession of a Firearm by a Serious Violent Felon, in Marion County, Indiana, on or about August 5, 2014;

(2) Dealing in a Narcotic Drug, in Marion County, Indiana, on or about August 27, 2012; and

(3) Possession of Hash Oil, in Marion County, Indiana, on or about October 13, 2010.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-ONE

### [Unlawful Use of a Communication Facility – 21 U.S.C. § 843(b)]

The Grand Jury further charges that:

On or about October 24, 2024, within the Southern District of Indiana, Indianapolis Division, ADRIAN J. BULLOCK, a/k/a A.D. and JONNITHA ROBINSON, did knowingly and intentionally use a communication facility in facilitating the commission of an act constituting a felony under the Controlled Substances Act; to-wit, ADRIAN BULLOCK and ROBINSON communicated by telephone and BULLOCK provided directions to ROBINSON about where to deliver crack cocaine to a confidential informant, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-TWO

### [Possession of a Firearm by a Convicted Felon – 18 U.S.C. § 922(g)(1)]

The Grand Jury further charges that:

On or about November 4, 2024, within the Southern District of Indiana, Indianapolis Division, TANESHA M. TURNER, a/k/a Neesha, knowing that she had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate or foreign commerce a firearm; to-wit,

    (1) one .45 caliber Glock Model 21 pistol, bearing serial number BNLG594 and

31

(2) one Smith & Wesson revolver, bearing serial number D941018;

after having sustained convictions for the following felony offenses:

(1) Criminal Trespass, in Marion County, Indiana, on or about November 19, 2020;

(2) Theft, in Marion County, Indiana, on or about October 12, 2010; and

(3) Possession of a Controlled Substance, in Marion County, Indiana, on or about January 13, 2009.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-THREE

### [Distribution of Fentanyl – 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about November 8, 2024, within the Southern District of Indiana, Indianapolis Division, CHANCELOR R. WALKER, a/k/a Chance, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II, Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-FOUR

### [Distribution of Methamphetamine – 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about November 19, 2024, within the Southern District of Indiana, Indianapolis Division, CHARLES T. DUNSON, a/k/a C-Note, did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-FIVE

### [Distribution of Fentanyl – 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about December 2, 2024, within the Southern District of Indiana, Indianapolis Division, CHANCELOR R. WALKER, a/k/a Chance, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II, Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

33

## COUNT TWENTY-SIX

### [Possession of a Firearm by a Convicted Felon – 18 U.S.C. § 922(g)(1)]

The Grand Jury further charges that:

On or about December 5, 2024, within the Southern District of Indiana, Indianapolis Division, CHARLES T. DUNSON, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate or foreign commerce a firearm; to-wit,

(1) one 9 millimeter Taurus handgun, bearing serial number TDR35905,

(2) one .40 caliber Smith & Wesson Model SD40VE pistol, bearing serial number HEY9997,

(3) one 9 millimeter Taurus Model G3 pistol, bearing serial number ACM660626,

(4) one 9 millimeter Glock Model 17 pistol, bearing serial number BDTH850, with an attached Machinegun Conversion Device,

(5) one 5.56 caliber Diamondback AR-15 pistol, bearing serial number DB2466480

(6) one Pioneer Arms Hellpup AK-47 variant pistol, bearing serial number PAC1144398, and

(7) one 9 millimeter Glock Model 19 pistol, bearing serial number BRWU486,

after having sustained convictions for the following felony offenses:

(1) Possession of Cocaine, in Marion County, Indiana, on or about April 23, 1999,

(2) Resisting Law Enforcement, in Marion County, Indiana, on or about April 23, 1999,

34

(3) Resisting Law Enforcement, in Marion County, Indiana, on or about June 8, 2000,

(4) Alteration of Handgun Identifying Marks, in Marion County, Indiana, on or about November 21, 2000,

(5) Intimidation (2 counts), in Marion County, Indiana, on or about November 5, 2003,

(6) Felon in Possession of a Firearm, in the United States District Court for the Southern District of Indiana, on or about March 18, 2008, and

(7) Carrying a Handgun Without a License, in Marion County, Indiana, on or about February 10, 2016.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-SEVEN

### [Possession of a Firearm by a Convicted Felon – 18 U.S.C. § 922(g)(1)]

The Grand Jury charges that:

On or about December 5, 2024, within the Southern District of Indiana, Indianapolis Division, ADRIAN J. BULLOCK, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate or foreign commerce a firearm; to-wit, one 9 millimeter Glock Model 19 pistol, bearing serial number BWGM709, after having sustained convictions for the following felony offenses:

(1) Possession of Cocaine, in Marion County, Indiana, on or about June 4, 2007,

(2) Possession of Cocaine, in Marion County, Indiana, on or about January 5, 2010,

(3) Felon in Possession of a Firearm, in the United States District Court for the Southern District of Indiana, on or about July 13, 2016, and

35

(4) Dealing in Marijuana, in Marion County, Indiana, on or about March 29, 2016.

.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-EIGHT

### [Possession of a Firearm by a Convicted Felon – 18 U.S.C. § 922(g)(1)]

The Grand Jury charges that:

On or about December 5, 2024, within the Southern District of Indiana, Indianapolis Division, CHANCELOR R. WALKER, a/k/a Chance, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate or foreign commerce a firearm; to-wit, one 9 millimeter Taurus Model G2C handgun, bearing serial number AAL013481, after having sustained convictions for the felony offense of Possession of a Narcotic Drug, in Marion County, Indiana, on or about August 27, 2020.

All in violation of Title 18, United States Code, Section 922(g)(1).

### SENTENCING ENHANCEMENTS

1.    The grand jury further alleges that BYRON A. MASON, a/k/a Buddy, the defendant herein, did commit the offense alleged in Count Fourteen of this Indictment after sustaining one prior conviction for a serious drug felony, as defined by Title 21, United States Code, Section 802(58); to-wit, on or

36

about May 13, 2009, MASON was convicted in Marion County (Indiana) of Dealing in Cocaine or a Narcotic, a Class A felony, at docket number 49-G23-0809-FA-203750.

2.      The grand jury further alleges that TRE J. DUNN, a/k/a Trap, the defendant herein, did commit the offense alleged in Count Fourteen of this Indictment after sustaining one prior conviction for a serious violent felony, as defined by Title 21, United States Code, Section 802(59); to-wit, on or about January 27, 2016, DUNN was convicted in Marion County (Indiana) of Battery Resulting in Serious Bodily Injury, a Level 5 felony, at docket number 49-G02-1407-F2-037354.

3.      The grand jury further alleges that NAHAMANI I. SARGENT, a/k/a Iri, a/k/a Eyes, the defendant herein, did commit the offenses alleged in Counts Fourteen and Sixteen of this Indictment after sustaining one prior conviction for a serious drug felony, as defined by Title 21, United States Code, Section 802(58); to-wit, on or about August 27, 2012, SARGENT was convicted in Marion County (Indiana) of Dealing in Cocaine or a Narcotic, a Class b felony, at docket number 49-G20-1202-FB-011535.

**FORFEITURE ALLEGATIONS**

1.      The allegations in Count One, Three, Six, Nine, and Thirteen through Twenty-Eight of this Superseding Indictment are realleged as if fully set forth here, for the purpose of giving the defendants notice of the United States' intent to seek forfeiture pursuant to Title 18, United States Code,

Section 1963, Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

2.      Upon conviction of the offense alleged in Count One of this Indictment, the defendants BYRON A. MASON, a/k/a Buddy, ADRIAN J. BULLOCK, a/k/a A.D., AVERY J. BULLOCK, CHARLES T. DUNSON, a/k/a C-Note, TANESHA M. TURNER, a/k/a Neesha, TRE J. DUNN, a/k/a Trap, NAHAMANI I. SARGENT, a/k/a Iri, a/k/a Eyes, and DEANDRE MILLER, a/k/a Little D shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

    a.    any interest acquired and maintained in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

    b.    any interest in, security of, claims against, and property and contractual rights of any kind affording a source of influence over, the enterprise which the defendant(s) has established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); or

    c.    any property constituting and derived from any proceeds which the defendant(s) obtained, directly and indirectly, from

racketeering activity [or unlawful debt collection], in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

3.     To the extent that property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 1963, as a result of any act or omission by the defendant(s):

   a.     cannot be located upon the exercise of due diligence;

   b.     has been transferred or sold to, or deposited with, a third party;

   c.     has been placed beyond the jurisdiction of the court;

   d.     has been substantially diminished in value; or

   e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendant(s) up to the value of the property described above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Section 1963.

4.     If convicted of the offenses set forth in Counts Three, Six, Nine, and Thirteen through Twenty-Eight of the Superseding Indictment, BYRON A. MASON, a/k/a Buddy, ADRIAN J. BULLOCK, a/k/a A.D., AVERY J. BULLOCK, CHARLES T. DUNSON, a/k/a C-Note, TANESHA M. TURNER, a/k/a Neesha, TRE J. DUNN, a/k/a Trap, NAHAMANI I. SARGENT, a/k/a Iri,

a/k/a Eyes, CHANCELOR R. WALKER, a/k/a Chance, D'ERICKA LEE, LAMAR T. BROWNING, DEANDRE MILLER, a/k/a Little D, and JONNITHA ROBINSON shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offenses of which he or she is convicted, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses of which he or she is convicted.

3.      If convicted of the offenses set forth in Counts Three, Six, Nine, and Thirteen through Twenty-Eight of the Superseding Indictment, BYRON A. MASON, a/k/a Buddy, ADRIAN J. BULLOCK, a/k/a A.D., AVERY J. BULLOCK, CHARLES T. DUNSON, a/k/a C-Note, TANESHA M. TURNER, a/k/a Neesha, TRE J. DUNN, a/k/a Trap, NAHAMANI I. SARGENT, a/k/a Iri, a/k/a Eyes, CHANCELOR R. WALKER, a/k/a Chance, D'ERICKA LEE, LAMAR T. BROWNING, DEANDRE MILLER, a/k/a Little D, and JONNITHA ROBINSON shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm or

ammunition involved in or used in any of the offenses of which he or she is convicted.

A TRUE BILL:



THOMAS E. WHEELER II
United States Attorney

By: _____
Bradley A. Blackington
Assistant United States Attorney

By: _____
Kelsey L. Massa
Assistant United States Attorney

By: _____
Samuel B. Tonkin
Trial Attorney
Violent Crime and Racketeering Section